UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHERIFF'S OFFICE OF ST. TAMMANY PARISH,          CIVIL ACTION
AND JACK STRAIN, *in his capacity as*
*Sheriff of St. Tammany Parish,*
*State of Louisiana*

VERSUS                                            NO. 14-442

BEN AND KAREN NATHAN, d/b/a                       SECTION "B"(2)
UNIFORMS4WOMEN, ET AL.

ORDER AND REASONS

I.  NATURE OF THE MOTIONS AND RELIEF SOUGHT

Before the Court is Defendant, Bassim Nathan's, Motion to Dismiss for Lack of Personal Jurisdiction.[1] Plaintiffs, the Sheriff's Office of St. Tammany Parish and Jack Strain in his capacity as Sheriff of St. Tammany Parish, State of Louisiana, have filed a late response in opposition.[2] Accordingly and for the reasons enumerated below,

IT IS ORDERED that the Motion to Dismiss for Lack of Personal Jurisdiction is GRANTED.

II.  STATEMENT OF FACTS AND PROCEDURAL HISTORY

This action arises out of a breach of contract for the sale of goods. On or about November 3, 2010, following a public bid process, the Sheriff's Office awarded a bid for new uniforms to

_____

[1] Rec. Doc. No. 20.
[2] Rec. Doc. No. 19, 24.

1

Ben and Karen Nathan, d/b/a Uniforms4Women.[3] As a result of that bid, the Sheriff's Office paid nearly $145,000.00 for uniforms.

Furthermore, the Sheriff's Office was forced to pay for alterations even though the accepted bid requested Defendant to pay for the same.[4] Plaintiffs contend that Defendants were notified of the deficiencies, yet failed to replace the defective uniforms; failed to meet bid specifications; and, failed to provide uniforms fit for the intended purpose. Plaintiff claims that as a result of the breach of contract as described, Defendant is liable for the sum of $145,000.00.

On February 26, 2014, Plaintiffs filed this diversity action against Ben and Karen Nathan, d/b/a Uniforms4Women.[5] Defendant, Bassim Nathan was incorrectly sued as 'Ben' Nathan, who was terminated as a defendant in this matter. Defendant, Bassim Nathan's filed a first Motion to Dismiss for Lack of Personal Jurisdiction[6] which was continued from October 15, 2014 on Plaintiff's motion and reset for submission on December 3, 2014.[7] Plaintiff failed to timely file an opposition in accordance with Local Rule 7.5. Accordingly, on December 4,

---

[3] Rec. Doc. No. 1 at 2.
[4] Rec. Doc. No. 1 at 2.
[5] Plaintiff has filed an amended complaint, naming Telisman Inc. as a defendant.  Rec. Doc. No. 18. Telisman conduct business under the trade name or assumed name "Uniforms4Women."
[6] Rec. Doc. No. 9.
[7] Rec. Doc. No. 12.

2014, the Court granted the Motion to Dismiss as unopposed,[8] explicitly directing Plaintiffs to file any motion for reconsideration within thirty (30) days. Instead, on January 5, 2015, Plaintiff filed a response to the Motion to Dismiss.[9] Defendant filed the instant successive motion and additionally, moved to strike Plaintiff's late opposition.[10] On May 21, 2015, the Court dismissed the Motion to Strike and set the Second Motion to Dismiss for Lack of Jurisdiction for submission on June 10, 2015, allowing Plaintiffs a second opportunity to timely and properly oppose the Motion to Dismiss.[11] PlaintiffS failed to do so.[12] The Court, though not required, considers the merits of the Second Motion to Dismiss for Lack of Personal Jurisdiction, in light of the arguments raised in Plaintiffs' late opposition response.

## III.  CONTENTIONS OF THE MOVANT

Defendant, Bassim Nathan, contends that he has never done business as 'Uniforms4Women'. Defendant acknowledges that 'Uniforms4Women' is a trade name of Telisman Sales, Inc., a Texas corporation by which Defendant is employed.[13] Defendant argues that he lacks the requisite minimum contacts with the

---

[8] Rec. Doc. No. 13.
[9] Rec. Doc. No. 19.
[10] Rec. Doc. No. 21.
[11] Rec. Doc. No. 23.
[12] On June 9, 2014, Plaintiffs filed a late opposition. Rec. Doc. No. 24.
[13] Rec. Doc. No. 9-1 at 1.

State of Louisiana to support the exercise of general or specific jurisdiction in this matter.[14]

Defendant maintains that the fiduciary shield doctrine protects him from being haled to this jurisdiction. Defendant claims that, solely in his capacity as Vice President and employee of Telisman, he met with representatives of Plaintiffs in Louisiana and communicated with Plaintiffs regarding the alleged contract underlying Plaintiffs' claims.[15] Defendant argues that he did not meet or communicate with Plaintiffs in his individual capacity.[16] Defendant, a resident of Dallas, Texas, contends that he has not conducted business in Louisiana in his individual capacity, or had other contacts with Louisiana in his individual capacity, that would be sufficient to subject him to this Court's jurisdiction.[17]

## IV.   CONTENTIONS OF THE RESPONDENT

Plaintiffs maintain that specific personal jurisdiction can be exercised over Defendant in this case. Plaintiffs do not dispute Nathan is a nonresident defendant. However, Plaintiffs maintain that the fiduciary shield doctrine has not been expressly

---

[14] Rec. Doc. No. 9 at 1.
[15] Rec Doc. No. 2-1 at 2 , 9-2 at 2
[16] Rec. Doc. No. 2-1 at 2.
[17] Rec. Doc. No. 2-1 at 2.

adopted or applied by the Louisiana Supreme Court.[18] Further, Plaintiffs urge that the doctrine does not preclude the exercise of personal jurisdiction in this case, as the constitutional requirements are established.

## V.  LAW AND ANALYSIS

### a. *Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction*

A federal district court in Louisiana sitting in diversity may exercise personal jurisdiction over a non-resident defendant only to the extent permitted a state court under applicable state law. *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997). Further, a federal court may only exercise personal jurisdiction over a nonresident defendant if the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009).

A district court may assert either general or specific jurisdiction over a party. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867-68 (5th Cir. 2001). Procedurally, the party invoking the jurisdiction of a federal court bears the burden of establishing minimum contacts justifying the court's jurisdiction over a nonresident defendant. *Guidry v. U.S. Tobacco Co., Inc.,* 188 F.3d 619, 625

---

[18] Rec. Doc. NO. 19 at 6.

(5th Cir. 1999). The plaintiff has the burden of making a *prima facie* case by alleging facts in the complaint and affidavits sufficient to establish jurisdiction over the non-resident defendants. *Caldwell v. Palmetto State Savings Bank of S.C.*, 811 F.2d 916, 917 (5th Cir. 1987). The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985).

The Louisiana long-arm statute, 13:3201 *et. seq.*, is intended to provide Louisiana residents with maximum protection in Louisiana courts, consistent with constitutional due process requirements, from damage occasioned by acts of a nonresident when the nonresident has minimal contacts with Louisiana. *Mayeux v. Hughes*, 333 So.2d 273, 274 (La. App. 1st Cir. 5/24/76). As the limits of Louisiana's long-arm statute are co-extensive with the limits of constitutional due process, the sole inquiry into personal jurisdiction over a nonresident is a one-step analysis of the constitutional due process requirements. *See Luv N'Care v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006).

Personal jurisdiction over a nonresident defendant may be established when: (1) the defendant has purposefully availed himself of benefits and protections of the forum state by establishing minimum contacts with the forum state, and (2)

exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice. *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.,* 517 F.3d 235, 242, 243 (5th Cir. 2008). The court may exercise specific jurisdiction when the defendant "purposefully directed [his] activities at the forum state and the litigation results from alleged injuries arising out of or related to those activities." *Id.* If minimum contacts are shown, jurisdiction exists unless the defendant can make a compelling case that it would violate traditional notions of fair play and substantial justice. *Wien Air Alaska, Inc. v. Brandt,* 195 F.3d 208, 215 (5th Cir.1999). Factors that courts consider to make this determination include: "(1) the burden on the defendant; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolutions of controversies; and (5) the shared interest of the several states in furthering fundamental social policies." *Bullion v. Gillespie,* 895 F.2d 213, 216 (5th Cir. 1990) (citing *Asahi Metal Indus. Co. v. Superior Court,* 480 U.S. 102 at 113, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) (internal quotation marks omitted)).

Thus the issue for consideration is two-fold: (1) have Plaintiffs made a *prima facie* showing that Defendant, Bassim

Nathan, has sufficient contacts giving rise to this litigation, with Louisiana, to satisfy the due process requirements for specific jurisdiction under Louisiana's long arm statute, 13:3201 *et. seq,* and (2) if so, whether jurisdiction comports with fair play and substantial justice.

      b. *Specific Jurisdiction: Contacts of Defendant Bassim Nathan*

Specific jurisdiction may be established where the defendant lacks "continuous and systematic" contacts but has "purposefully directed his activities at residents of the forum," and, the litigation results from alleged injuries that arise out of or relate to those activities. *Clemens v. McNamee*, 615 F.3d 374, 378-79 (5th Cir. 2010) (*quoting Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985)); *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.,* 517 F.3d 235, 243 (5th Cir. 2008).

The minimum contacts prong, for specific jurisdiction purposes, is satisfied by actions, or even just a single act, by which the non-resident defendant 'purposefully avails itself of the privilege of conducting activities within the forum state, thus, invoking the benefits and protections of its laws.' *Ruston Gas Turbines, Inc. v. Donaldson Co*., 9 F.3d 418, 419 (5th Cir. 1993)(*quoting Burger King* Corp. *v. Rudzewicz*, 471 U.S. 462, 475 (1985)). Purposeful availment "must be such that the defendant

'should reasonably anticipate being haled into court' in the forum state.' *Id.* (*quoting World-Wide Wolkswagen v. Woodson*, 444 U.S. 286, 100 S. Ct. 559, 567, 62 L.Ed.2d 490 (1980)). Plaintiff contends that Nathan's pattern of conduct involved numerous emails and a submitted contract bid that were directed to the Sheriff in this judicial district. The awarded bid and contract form the basis for this breach of contract action. Plaintiff omits the fact that the Sheriff's Office ordered uniforms from Telisman by submitting a purchase order.[19]

In *Stuart v. Spademan*, the court held that under the facts presented, jurisdiction was absent because the mere shipment of goods into the forum and communications in development of the contract were not sufficient. 772 F.2d 1185, 1185 (5th Cir. 1985). The plaintiffs were forum residents who contracted with a non-resident; they assigned patent rights to the non-resident defendant in exchange for the promise of payments. *Id.* at 1188. Relevant to the breach of contract action, the defendant had several contacts with the forum: a contract with forum residents; the defendant shipped into the forum ski bindings that were the subject of a modification to be patented; the defendant exchanged phone calls and letters into the forum regarding the patent assignment; the agreement had a forum choice-of-law provision; the defendant's company advertised in

---

[19] Rec. Doc.No. 20-2 at 2 (Affidavit of Bassim Nathan).

and shipped its products to the forum; and the defendant's
company marketed the patented ski bindings in the forum. *Id.* at
1192. The court found specific personal jurisdiction absent
because the mere shipment of goods into the forum at the
instigation of a resident plaintiff is not enough, the exchange
of communications between a resident and a nonresident in
development of a contract is insufficient, and the agreement at
issue did not contemplate the long-term relationship and
continuing obligations necessary for jurisdiction. *Id.* at 1193–
94.

Plaintiff relies on *Mississippi Interstate Express, Inc. v.
Transpo, Inc.*, to support the contention that when the forum
plaintiff is on the receiving end of a contract requiring a
nonresident defendant to provide the goods/services the
plaintiff can demonstrate that due process is satisfied by
showing that the defendant purposefully availed itself of the
forum state, through delivery of goods or execution of the
agreement in the forum state. 681 F.2d 1003, 1007 (5th Cir.
1980).

In *Mississippi Interstate Express*, the Fifth Circuit held
that a Mississippi court had personal jurisdiction over a
California freight brokerage company because of the *substantial
nature* of the contract. 681 F.2d 1003. The Fifth Circuit found
the minimum contacts requirement was satisfied because the

defendant company was an active customer that ordered and directed shipments continuously over two months with the knowledge that such orders would cause activity in the forum state of Mississippi. *Id.* at 1011. In this case, the solicitation does provide for a two-year contract, which was awarded to Teslisman, Inc. d/b/a UNIFORMS4WOMEN at $112,800.00, and is not insignificant.[20] Assuming without finding, Plaintiff has presented a *prima facie* case for the exercise of personal jurisdiction over Tesliman, Inc., it does not necessarily mean that Nathan, who acted on behalf of the company, is subject to personal jurisdiction as well.

Even if the Court were to view Plaintiff as an active customer of Telisman, Inc. d/b/a UNIFORMS4WOMEN, Nathan himself is protected from the assertion of jurisdiction arising out of any business conducted on behalf of the company in Louisiana by the fiduciary-shield doctrine. The fiduciary shield doctrine holds that "an individual's transaction of business within the state solely as a corporate officer does not create personal jurisdiction over that individual even though the state has *in personam* jurisdiction over the corporation...." *Stuart v. Spademan,* 772 F.2d 1185 at 1197 (5th Cir. 1985); *Southeast Wireless Network, Inc. v. U.S. Telemetry*, 954 So.2d 120, 128

---

[20] Rec. Doc. No. 19-1 at 3 (Solicitation 112210-01); Rec. Doc. No. 20-2 (Purchase Order). Plaintiff claims to have paid more than $145,000.00 on this contract.

(La. 2007); *Escoto v. U.S. Lending Corporation*, 675 So.2d 741, 745 (La. App. 4th Cir. 5/22/96), *writ denied*, 679 So.2d 1343 (La. 9/27/96)(*citing Briley Marine Service Inc. v. Toups*, 551 So.22d 755 (La. App. 1st Cir. 1989)).

In *Southeast Wireless Network, Inc.*, the Louisiana supreme court recognized the doctrine; however, applied an exception established in *Escoto*. 954 So.2d at 128 (citing *Escoto v. U.S. Lending Corporation*, 675 So.2d 741)). The exception provides that the fiduciary shield doctrine will not defeat personal jurisdiction where a non-resident corporate agent commits a tort within a forum state which would subject him to personal liability under the laws of that state. *Id*. The exception was applied in both cases, which involved nonresident defendants, acting in their corporate capacity, soliciting Louisiana residents as prospective purchasers of company securities. *Southeast Wireless Network, Inc.*, 954 So.2d at 128; *Escoto*, 675 So.2d 741. The rationale provided in both cases— the desire to protect purchasers from corporate directors who should reasonably anticipate that their solicitations and tortious conduct will subject them to Louisiana's security laws- does not apply here. *Id*. Moreover, no tort is alleged here, and Defendant's bid solicitation and contacts with the forum do not form the basis for the instant breach of contract claim. *Cf*. *Mississippi Interstate Exp., Inc. v. Transpo, Inc.*, 681 F.2d at

1012 (concluding personal jurisdiction could be exercised by Mississippi court over individual defendants as it was alleged they had committed the tort of intentionally interfering with a contract causing breach and damage in Mississippi); *see also Hoover v. Florida Hydro, Inc.*, Civil Action No. 07-1100, 2009 WL 1380619, *5 (E.D. May, 14, 2009)(finding the initiation of a phone call during which the defendant allegedly made intentional and fraudulent misrepresentations was sufficient to support personal jurisdiction). The Court finds no basis for applying the exception in this case.

Plaintiff argues that jurisdiction will not offend traditional notions of fair play and substantial justice because the Defendant has derived financial benefit from doing business in Louisiana. However, focusing on the Defendant, the forum and the litigation, the Court finds that Defendant himself failed to invoke the benefits and protections of Louisiana's laws as to Plaintiffs' alleged claims. *Coats v. Penrod Drilling Corp.,* 5 F.3d 877, 884 (5th Cir. 1993), *citing Burger King Corp. v. Rudzewicz,* 471 U.S. at 474, (1985) and *quoting Bullion v. Gillespie,* 895 F.2d 213, 216 (5th Cir. 1990) (which, in turn, cites *Burger King*). Moreover, mindful that "the foreseeability that is critical to the due process analysis ... is that the defendant's conduct and the connection with the forum state are such that he should reasonably anticipate being haled into court

13

there," *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S. Ct. 559, 567, 62 L.Ed.2d 490 (1980), the Court declines to exercise specific jurisdiction over Defendant. If anything, Defendant's contacts with Louisiana are fortuitous and attenuated, and the Court refuses to sustain specific jurisdiction on this basis. *See Burger King,* 471 U.S. at 475, 480, 105 S. Ct. at 2183, 2186.

**VI.   CONCLUSION**

Accordingly and for the reasons enumerated above,

**IT IS ORDERED** that the Motion to Dismiss for Lack of Personal Jurisdiction is **GRANTED.** Defendant's "Motion to Strike Late-Opposition Memorandum or, Alternatively, for Leave to File Reply" is hereby **DISMISSED** as moot.

New Orleans, Louisiana, this 11th day of June, 2015.


UNITED STATES DISTRICT JUDGE